JOSEPH RUSSONIELLO (CSBN 44332)
United States Attorney
JOANN M. SWANSON (CSBN 88143)
Chief, Civil Division
VICTORIA R. CARRADERO (CSBN 217885)
Assistant United States Attorney

  450 Golden Gate Avenue, Box 36055
  San Francisco, California 94102
  Telephone: (415) 436-7181
  Facsimile:  (415) 436-6748
  Email: victoria.carradero@usdoj.gov

Attorneys for Federal Defendant

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| FINANCIAL INDEMNITY COMPANY,<br><br>           Plaintiff,<br><br>    v.<br><br>UNITED STATES OF AMERICA, a government entity; and DOES 1 though 10, inclusive,<br><br>           Defendants | NO. C 09-4510 PJH<br><br>**STIPULATION AND AGREEMENT OF COMPROMISE AND [~~PROPOSED~~] ORDER** |

IT IS HEREBY STIPULATED AND AGREED by and between plaintiff FINANCIAL INDEMNITY COMPANY (hereinafter "Plaintiff") and defendant UNITED STATES OF AMERICA, (hereinafter the "Federal Defendant"), by and through their undersigned counsel, as follows:

1. The parties do hereby agree to settle, compromise and dismiss the above-captioned action ("this Action") under the terms and conditions set forth herein.

2. The Federal Defendant agrees to pay Plaintiff the sum of Two Thousand Three Hundred Dollars and no cents exactly ($2,300.00) in full and final settlement and satisfaction of any and all claims, demands, rights and causes of action of whatsoever kind and nature for property damage which Plaintiff or its heirs, agents, executors, or assigns, and each of them, now have or may hereafter acquire against the United States of America, its agencies, agents, servants and employees arising from the vehicle collision alleged to have occurred on or about December 3, 2008, at Powell Street and Francisco Street in San Francisco, California (the "Accident").

3. Plaintiff and its heirs, agents, executors, administrators and assigns hereby agree to accept the sum of Two Thousand Three Hundred Dollars and no cents ($2,300.00) in full and final settlement and satisfaction of any and all claims, demands, rights and causes of action of whatsoever kind and nature for property damage arising from the Accident which Plaintiff or its heirs, agents, executors, or assigns, and each of them, now have or may hereafter acquire against the United States of America, its agencies, agents, servants and employees on account of the same subject matter that gave rise to this Action. In consideration of the payment of Two Thousand Three Hundred Dollars and no cents ($2,300.00), Plaintiff hereby releases and forever discharges the Federal Defendant and any and all of its past and present officials, directors, employees, agents, agencies, attorneys, successors, and assigns from any and all obligations, losses, damages, liabilities, causes of actions, claims, and demands of any kind and nature whatsoever, whether suspected or unsuspected, arising in law or equity, arising from or by reason of any and all known, unknown, foreseen, or unforeseen losses, damages, and the consequences thereof, pertaining to property damage which have been or could have been raised in the Complaint in this action and/or resulting from the facts, circumstances and subject matter that gave rise to this Action, including, but not limited to, subrogation, negligence, monies paid, all alleged violations of the Federal Tort Claims Act, any and all claims asserted by Plaintiff in each and every administrative complaint filed by Plaintiff related to the events that allegedly

1

took place on or about December 3, 2008 in San Francisco, California as described in Plaintiff's Complaint, and any and all claims that could have been asserted in the administrative complaint or the instant lawsuit against the Federal Defendant.

4. The settlement amount of Two Thousand Three Hundred Dollars and no cents ($2,300.00) represents the entire amount payable to Plaintiff and its heirs, agents, executors, administrators, assigns and attorneys. The respective parties agree that they will each bear their own costs, attorneys' fees, and expenses and that any attorneys' fees owed by the Plaintiff will be paid out of the settlement amount and not in addition thereto. Neither Plaintiff nor any of its attorneys may make any claim for attorneys' fees or other costs against the Federal Defendant, its agents, servants or employees, or its agencies, including, but not limited to, the United States Postal Service.

5. It is also understood by and among the parties that, pursuant to Title 28, United States Code, Section 2678, attorneys' fees for services rendered in connection with this action shall not exceed 25 percent of the amount of the compromise settlement.

6. The settlement amount of Two Thousand Three Hundred Dollars and no cents exactly ($2,300.00) shall be made payable to Plaintiff Financial Indemnity Company. The check will be mailed to the Plaintiff's attorney at the following address: Robert Ring, Law Offices of Ring & Green, 3435 Overland Ave., Los Angeles, California 90034.

7. In consideration of the payment of Two Thousand Three Hundred Dollars and no cents ($2,300.00) as set forth above, the Plaintiff agrees that it will immediately upon execution of this agreement, execute a Stipulation of Dismissal, which stipulation shall dismiss, with prejudice, all claims asserted in this Action or any claims that could have been asserted in this Action, which is captioned *Financial Indemnity Company v. United States of America, a government entity; and DOES 1 though 10, inclusive*, U.S. District Court Northern District of California Case No. C 09-4510 PJH. The fully-executed Stipulation of Dismissal will be delivered to Defendant's counsel within three (3) business days of execution of this Agreement and will be held by Defendant's counsel and filed with the Court upon notification to Plaintiff's counsel that the settlement check in the amount of Two Thousand Three Hundred Dollars and no cents ($2,300.00) has been placed in the mail to him.

8. The provisions of California Civil Code Section 1542 are set forth below:

1    A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.

Plaintiff having been apprised of the statutory language of Civil Code Section 1542 by its attorneys, and fully understanding the same, nevertheless elects to waive the benefits of any and all rights it may have pursuant to the provision of that statute and any similar provision of federal law with respect to the matters released herein. Plaintiff understands that if the facts concerning Plaintiff's alleged property losses and damages and the liability of the Federal Defendant, or its directors, officers, agents, servants, or employees, for loss or damages pertaining thereto are found hereafter to be other than or different from the facts now believed by it to be true, this agreement shall be and remain effective notwithstanding such material difference.

9. The parties acknowledge that neither this agreement nor anything contained herein shall constitute an admission of liability or fault on the part of the Federal Defendant, or its directors, officers, agencies, agents, servants, or employees. This agreement is entered into by the parties for the purpose of compromising disputed claims, avoiding the expenses and risks of litigation, and buying peace.

10. In consideration of this agreement, the United States Postal Service hereby forever discharges and releases any and all claims, demands, rights and causes of action of whatsoever kind and nature for property damage arising from the Accident, for which the United States Postal Service or its heirs, agents, executors, or assigns, and each of them, now have or may hereafter acquire against Plaintiff, its agents, servants and employees on account of the same subject matter that gave rise to this Action.

11. This agreement may be pled as a full and complete defense to any action or other proceeding, including any local, state or federal administrative action, involving any person or party which arises out of the claims released and discharged by this agreement.

12. If any withholding or income tax liability is imposed upon plaintiff based on payment of the settlement sum as set forth herein, Plaintiff shall be solely responsible for paying any such liability. Plaintiff, and its attorneys, will indemnify and hold harmless the Federal Defendant from any liability the Federal Defendant may incur from any government agency arising out of any failure by plaintiff to pay any tax liability it might be responsible for from any government agency.

13. Plaintiff and its attorneys have been informed that payment of the settlement amount may take

90 days or more to process but Federal Defendant agrees to make good faith efforts to expeditiously process the payment.

14. The parties agree that the District Court shall retain jurisdiction over this matter for the purposes of resolving any dispute alleging a breach of this agreement.

15. Each party acknowledges that they have been represented by and have relied upon independent counsel in negotiating, preparing and entering into this agreement and that they have had the contents of this agreement fully explained by counsel and that they are fully aware of and understand all of the terms of the agreement and the legal consequences thereof. It is further acknowledged that the parties have mutually participated in the drafting of this agreement and it is agreed that no provision herein shall be construed against any party hereto by virtue of the drafting of this agreement.

16. If any provision of this agreement shall be held invalid, illegal, or unenforceable, the validity, legality, and enforceability of the remaining provisions shall not in any way be affected or impaired thereby providing that the purpose and intent of this Stipulation and Agreement can still be fulfilled.

17. This instrument shall constitute the entire agreement between the parties, and it is expressly understood and agreed that this agreement has been freely and voluntarily entered into by the parties hereto with the advice of counsel, who have explained the legal effect of this agreement. The parties further acknowledge that no warranties or representations have been made on any subject other than as set forth in this agreement.

18. This agreement may not be altered, modified or otherwise changed in any respect except in writing, duly executed by all of the parties or their authorized representatives.

Dated: July 15, 2010 _____
FINANCIAL INDEMNITY COMPANY
Plaintiff

Dated: July 15, 2010 _____
UNITED STATES OF AMERICA
Defendant

APPROVED AS TO FORM:

                                        LAW OFFICES OF RING AND GREEN


Dated: July 15, 2010                           /s/
                                        SUSAN GREEN
                                        Attorney for Plaintiff


**PURSUANT TO THE ABOVE STIPULATION AND AGREEMENT, IT IS APPROVED AND SO ORDERED:**

Dated: _7/26/10_



PHYLLIS J. HAMILTON
United States District Judge

5